IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BARNETT, #R61824, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0722-MJR |
| | ) |
| WARDEN BATES, ASSISTANT WARDEN PAYTON, LT. SCHULER, I. A. CLARK, MS. WOODS, TASKY, APARICIO, MS. WINSOR, P.A. GERST, NURSE JANE DOE, SMITH and DIRECTOR S. A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Robert Barnett, an inmate currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At all times relevant to this action, Plaintiff was housed at the Big Muddy River Correctional Center.

Plaintiff's factual allegations are as follows. Plaintiff repeatedly requested placement in a safer environment at Big Muddy because he is an open homosexual, listed as "vulnerable" in the prison computer, and was threatened with beating and rape by Latin King gang members, both because of his sexual orientation and his being a "snitch." Despite Plaintiff's pleas, he was placed in "3-House," a "high aggressive house," where, on the night of May 25, 2011, he was blindsided in his cell, punched four times and raped. Plaintiff suffered bleeding from his anus, a "busted" lip and "a shattered emotional spirit" in the attack. Plaintiff

1

had told Defendants Schuler, Clark, Woods, Bates, Tasky, Held and Payton about his safety concerns and asked for their help, but they failed to investigate and failed to place or keep him in a safe environment.

Schuler and Clark, who led the investigation into the beating and rape, attempted to "cover their own tracks" by (1) writing a false ticket against him for impeding or interfering with an investigation and giving false information; (2) failing to conduct a proper investigation, including failing to collect evidence; and (3) placing him in segregation with no medical attention. Defendants Aparicio and Winsor, who sat on the adjustment committee to hear the ticket, aided in the cover-up and violated Plaintiff's due process rights by denying his request to call witnesses at the disciplinary hearing. Defendants Gerst and Nurse Jane Doe, medical staff at the prison on May 26, 2011, also aided in the cover-up by failing to document the injuries associated with the rape.

Additionally, Gerst and Doe were deliberately indifferent to Plaintiff's serious medical needs when they refused to treat him and failed to provide any pain medication. Plaintiff's penultimate claim is that on June 9, 2011, Defendant Smith opened, read and then tore up his grievances at his cell door, threatening him that if he continued trying to file grievances, he would be beaten and charged with staff assault. And lastly, Defendant Godinez, as the IDOC Director, had knowledge of the allegations in this complaint and is a policy-making official.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm to an inmate. ***O'Brien v. Indiana Dep't of Correction ex rel. Turner*, 495 F.3d 505, 508 (7th Cir. 2007),** *citing Farmer v. Brennan,* **511 U.S. 825, 828 (1994).** He has

adequately alleged that Defendants Bates, Schuler, Clark, Woods, Tasky, Held and Payton knew or reasonably should have known that he "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* Plaintiff's complaint will proceed against these Defendants.[1]

Plaintiff has also stated a due process claim against Defendants Schuler and Clark for intentionally and knowingly failing to document existing physical evidence of his rape and for filing a false ticket against him for impeding their investigation as part of the alleged cover-up. Additionally, Plaintiff has stated a clam against Defendants Aparicio and Winsor for aiding in the cover-up by refusing to allow him to call witnesses at the disciplinary hearing. ***See Wolff v. McDonnell* 418 U.S. 539, 558 (1974) (citation omitted) (Fourteenth Amendment guarantees an inmate the right to present evidence in his defense, including an opportunity to call witnesses when consistent with institutional safety)**.

Plaintiff alleges both a Fourteenth Amendment and an Eighth Amendment claim against Defendants Gerst and Nurse Jane Doe. He alleges that these Defendants intentionally and knowingly failed to document existing physical evidence of Plaintiff's rape to help cover up the rape and that they were deliberately indifferent to his serious medical needs. ***See e.g., Fontano v. Godinez,* 2012 WL 2459399, 4 (C.D.Ill. 2012); *Jenkins v. Hayman*, 2010 WL 1838399, at \*9 (D.N.J. 2010) ("refusal to treat plaintiff for his injuries for no reason other than to cover-up the misconduct of the correctional officers suggests deliberate indifference that would rise to the level of a constitutional deprivation.").**

---

[1] Correctional Officer Moore is named in the body of the complaint but not in the style of the case. Upon careful review of the allegations in the complaint, the Court concludes that Plaintiff did not intend to assert a claim against Moore, nor, on the facts alleged, could he have done so. However, it appears that Plaintiff did intend to assert a claim against Defendant Held but failed to include him in the caption of the case. The Court will direct the Clerk of Court to add Defendant Held to the docket sheet.

Plaintiff's claim that Defendant Smith tore up his grievances and threatened action against him if he continued filing them must be dismissed. It is well-established that an inmate has no due process right to file a grievance. ***Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996)**. Plaintiff's right to a grievance procedure is a procedural right, not a substantive one, so grievance procedures do not give rise to any liberty interests protected under the Due Process Clause. *Id.* Moreover, Plaintiff's ability to file the instant action indicates that Smith did not curtail his First Amendment right to petition for redress of his grievances. *See id.*

Lastly, Plaintiff's claim against Defendant Godinez, Director of the IDOC, must be dismissed. Plaintiff alleges that Godinez was a policy-making official who had responsibility for final disposition of all inmate grievances and who had first-hand knowledge of Plaintiff's claims. The doctrine of *respondeat superior* is not applicable to § 1983 actions, and Plaintiff does not allege that Godinez was "personally responsible" for the alleged violations of his constitutional rights. ***See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001)**.

**<u>Disposition</u>**

In summary, Defendants Smith and Godinez are **DISMISSED** from this action with prejudice. The action proceeds against Defendants Bates, Payton, Schuler, Clark, Woods, Tasky and Held on Plaintiff's claim of deliberate indifference to a substantial risk of serious harm to an inmate (Count 1); against Defendants Schuler, Clark, Aparicio, Winsor, Gerst and Nurse Jane Doe on Plaintiff's due process claim regarding the cover-up of his rape (Count 2); and against Defendants Gerst and Nurse Jane Doe on Plaintiff's claim of deliberate indifference to serious medical needs (Count 3). The Clerk of Court is **DIRECTED** to add Defendant Held to the docket sheet.

The Clerk of Court shall prepare for Defendants Bates, Payton, Schuler, Clark, Woods, Tasky, Held, Aparicio, Winsor and Gerst: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service will not be made on the Unknown Jane Doe Defendant until such time as Plaintiff has identified her by name in a properly-filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information will be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address will be retained only by the Clerk. Address information will not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.

Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pretrial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 13, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
