IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT BARNETT, #R-61824,**

       **Plaintiff,**

vs.

**TY J. BATES, WILLIAM PEYTON,
HAROLD SCHULER, MARSHA WOODS,
SHANE TASKY, ALLEN APARICIO,
ANGELA WINSOR, GARY GERST, and
MIKE HELD**

       **Defendants.**

Case No.   11-cv-722-MJR-SCW

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Plaintiff's claims are barred by the *Heck* doctrine.   Defendants Ty J. Bates, William Peyton, Harold Schuler, Marsha Woods, Shane Tasky, Allen Aparicio, Angela Winsor, Gary Gersy and Mike Held[1] have filed several individual motions to dismiss (Docs. 59 & 60; 65 & 66; 68; 69 & 71) all of which argue that Plaintiff's claims are barred by the *Heck* doctrine. Plaintiff initially filed a Response (Doc. 73) indicating that had not been receiving Court documents in a timely fashion and did not have

---

[1] Defendants I.A. Clark and Nurse Jane Doe are not a party to these motions.   A summons has only recently been issued as to Defendant Clark and has not yet been executed.   Further Nurse Jane Doe has never been served as she remains an unidentified party (See Doc. 17 at p. 5).   However, as Plaintiff raises the exact same claims against Clark and Nurse Jane Doe as he does against the other moving Defendants, the undersigned notes that a finding that the claims are barred by *Heck* as to the moving Defendants would also be a finding that the claims are barred by *Heck* as to the non-moving Defendants.   Thus, should the Court find that Heck bars Plaintiff's claims, the undersigned **RECOMMENDS** that claims against I.A. Clark and Nurse Jane Doe be dismissed under the Court's power under 28 U.S.C. § 1915A.

access to the library to properly respond to the motion and thus he sought the denial of the motion to dismiss. Defendants filed a Response (Doc. 76) indicating that Plaintiff had been denied protective custody and was returned to general population and thus now had access to the law library. Defendants consented to Plaintiff having additional time to file a response to the motion to dismiss. On January 2, 2013, Plaintiff filed a Response, properly addressing the arguments raised in the various motions to dismiss (Doc. 77). Though filed after the response deadline, the Court will take into account Plaintiff's recently filed Response (Doc. 77), given his previous issues with access to the law library.

It is **RECOMMENDED** that the Court **FIND** that Plaintiff's claims are barred by the *Heck* doctrine, **GRANT** the Motions to Dismiss filed by William Peyton, Ty J. Bates, Mike Held, Harold Schuler, and Shane Tasky (Docs. 59 and 60); Allen Aparicio and Angela Winsor (Docs. 65 and 66); Gary Gerst (Doc. 68); and Marsha Wood (Docs. 69 & 71), and **ADOPT** the following findings of fact and conclusions of law. It is also **RECOMMENDED** that, pursuant to the Court's authority under 28 U.S.C. § 1915A, the Court **DISMISS** the deliberate indifference and due process claims against I.A. Clark and Nurse Jane Doe, as those claims are also barred by the *Heck* doctrine.

## II.  Findings of Fact

Plaintiff filed his Complaint on August 19, 2011, alleging that various defendants were deliberately indifferent to a serious risk of harm to Plaintiff, deliberately indifferent to his serious medical needs, and violated his due process rights by filing a false disciplinary report against him. Specifically, Plaintiff's Complaint alleges that while he was housed at Big Muddy Correctional Center, he repeatedly asked to be placed in a safer environment because he was an open homosexual, listed as "vulnerable", and was threatened by the Latin Kings with being beat and raped in part for being homosexual and for being a snitch (Doc. 17). However, Plaintiff was allegedly placed in a

high-aggressive house and on May 25, 2011, according to his Complaint, he was attacked in his cell, punched four times, and sexually assaulted (*Id.*). Plaintiff alleges that he had informed Defendants Schuler, Clark, Woods, Bates, Tasky, Held, and Peyton of his concerns and asked for their help, but they failed to investigate the situation and ultimately failed to protect him.

Plaintiff further alleges that in an effort to cover up their failures, Defendants Schuler and Clark wrote him a false disciplinary ticket for giving false information regarding the sexual assault, failing to conduct an investigation, and placing him in segregation (*Id.*). Plaintiff also claims that Defendants Aparicio and Winsor, who sat on the adjustment committee and heard his ticket, further denied him his due process rights and helped to cover up the attack on him, by refusing to allow Plaintiff to call witnesses in his defense at his disciplinary hearing (*Id.*). Plaintiff's Complaint also alleges that Gary Gerst and an unknown nurse were deliberately indifferent to his serious medical needs by failing to treat his injuries or provide him with pain medication and that he violated his due process rights by helping in the cover-up by intentionally failing to document Plaintiff's physical injuries resulting from the assault.

In response to Plaintiff's Complaint, Defendants have filed several individual Motions to Dismiss (See Docs. 59 & 60; 65 & 66; 68; 69 & 70). All four motions to dismiss are similar in nature in that the motions seek to dismiss all of Plaintiff's claims against the Defendants based on the *Heck* doctrine. Defendants argue that Plaintiff's due process and deliberate indifference claims are barred by *Heck* as Plaintiff was found guilty of impeding or interfering with an investigation and giving false information to an employee, and was sentenced to three months revocation of good conduct credit. In essence, the Adjustment Committee found that Plaintiff had lied about the sexual assault and that the assault had never actually occurred. Defendants argue that Plaintiff's claims in this case directly call into question the validity of the findings on Plaintiff's disciplinary report and thus his claims are

barred by *Heck*. Plaintiff has filed a Response to the motions, arguing that he is not challenging the validity of his disciplinary hearing findings, but instead he is challenging due process violations and only uses the disciplinary ticket to show that it was falsely written (Doc. 77).

### III. Conclusions of Law

Defendants argue in all four of their motions to dismiss that Plaintiff's claims of deliberate indifference and due process should be dismissed because they are barred by the doctrine established in the Supreme Court case *Heck v. Humphrey*, **512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).** In *Heck*, the Supreme Court held that a prisoner is barred from pursuing a § 1983 claim when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck,* **512 U.S. at 487, 114 S.Ct. 2364, 129 L.Ed.2d 383**. The Supreme Court extended the *Heck* doctrine to civil rights claims arising out of prison disciplinary hearings. *Gilbert v. Cook*, **512 F.3d 899, 900 (7th Cir. 2008)(citing** *Edwards v. Balisok*, **520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997));** *Dixon v. Chrans*, **101 F.3d 1228, 1230-31 (7th Cir. 1996)(claim of damages that necessarily implies the invalidity of sentence imposed by a prison disciplinary hearing is barred by** *Heck***)**. The rule is "analogous to collateral estoppel: an issue determined with finality in a full and fair adjudicative proceeding…cannot be reopened in a subsequent case." *Moore v. Mahone*, **652 F.3d 722, 723 (7th Cir. 2011) (citing Gilbert, 512 F.3d at 901).** Instead of pursuing claims through a civil rights suit under § 1983, the proper vehicle for a plaintiff to challenge the duration of his sentence is through a habeas corpus petition. *Muhammad v. Close*, **540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004);** *DeWalt v. Carter*, **224 F.3d 607, 614 (7th Cir. 2000);** *Burd v. Sessler*, **Case No. 12-1337, 2012 WL 6554695 (7th Cir. Dec. 17, 2012)("[B]ecause habeas corpus is the exclusive remedy for a challenge to the fact or duration of one's confinement,…,an inmate must first seek to set aside his conviction through habeas**

corpus before initiating a § 1983 action that necessarily calls that conviction into doubt.").

A.   Due Process Claim

Defendants Aparico, Winsor, Schuler, and Gest argue that the claims against them for violating Plaintiff's due process rights should be dismissed pursuant to the *Heck* doctrine.[2]  Plaintiff's Complaint alleges that the Defendants sought to cover-up the sexual assault perpetrated against him by denying his due process rights and falsely charging him for Giving False Information to an Employee and Impeding or Interfering with an Investigation.  Specifically, Plaintiff alleges that Defendants Schuler and Clark violated his due process rights by writing a false disciplinary ticket against him for Offense 303: Giving False Information, and Offense 110: Impeding or Interfering with an Investigation, and by failing to document the injuries he sustained during the alleged sexual assault.  Plaintiff's Complaint also alleges that Defendants Aparicio and Winsor aided in the cover-up of the sexual assault by denying him his due process rights during the hearing before the Adjustment Committee.  Plaintiff also alleges that Defendant Gest and Nurse Jane Doe denied him his due process rights by failing to document his injuries in order to cover-up the sexual assault.

Here, Plaintiff's claims for violations of due process rights are barred by *Heck*.  A finding in favor of Plaintiff, that Defendants falsified the charges against him, denied Plaintiff his due process rights at the Adjustment Committee hearing, and falsified or failed to document medical information in order to cover-up the sexual assault, would necessarily imply the invalidity of the judgment against him, namely that he was guilty of the charges of giving false information and impeding or interfering in an investigation.  The Adjustment Committee found that Plaintiff fabricated the sexual assault against him and that no sexual assault occurred.  A finding in Plaintiff's favor that Defendants fabricated those charges and denied him due process would necessarily imply the invalidity of the judgment against him in the disciplinary hearing.

---

[2] Plaintiff also claims that I.A. Clark and Nurse Jane Doe violated his due process rights.

Plaintiff, however, claims that he is not challenging the results of the hearing, but rather the procedures employed. He claims that he is only using the disciplinary ticket to show that he was written a false ticket and that he is not challenging the outcome of the ticket. The undersigned notes two problems with Plaintiff's logic. The first problem that the undersigned notes is that a challenge to the authenticity of the ticket is a challenge to the outcome of the ticket. Plaintiff alleges that he was written a false disciplinary ticket for false information and impeding or interfering with an investigation. If the ticket was false, that means that Plaintiff did not commit the offenses that the ticket charged. A finding that the ticket was false would mean that the findings and the outcome of the ticket were also false. Thus, Plaintiff cannot logically argue that the offenses he was charged with are false without necessarily implying that the judgment on that ticket was invalid.

Further, to the extent that Plaintiff is arguing that he is only challenging the procedures employed and not the outcome itself, the Supreme Court has already determined that such a challenge cannot take place under *Heck*. In *Edwards*, the plaintiff argued, and the Court of Appeals had found, that a plaintiff could always maintain a challenge to the procedures employed in a disciplinary hearing without necessarily challenging the findings of the hearing. ***Edwards*, 520 U.S. at 644, 117 S.Ct. 1584, 137 L.Ed.2d 906.** This is because the case law had clearly established that a plaintiff could be entitled to nominal damages under § 1983 for violations of due process in a disciplinary hearing without proving that the result of the hearing was wrong. ***Id.* at 645**. However, the Supreme Court reversed the Court of Appeals' holding, as the principle "disregards the possibility, clearly envisioned by *Heck*, that the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." ***Id.* at 645.** The Supreme Court held that allegations of violations of due process would necessarily imply the invalidity of the deprivation of his good-time credits. ***Id.* at 646.**

Here, the due process violations raised by Plaintiff are very similar to the ones raised by the plaintiff in *Edwards*. In *Edwards*, the plaintiff claimed that he had been denied due process because he was not presented with an opportunity to put on a defense by presenting witnesses and that this was due to the deceit and bias of the hearing officer who lied about the existence of witness statements. The Supreme Court held that a § 1983 claim seeking declaratory and money damages, "based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id. at 648.* Here, Plaintiff also claims that his due process violations were due to the deceit of the Defendants. Plaintiff claims that Defendants Schuler and Clark wrote a false disciplinary ticket, Defendants Aparicio and Winsor denied him due process rights during the hearing, and that Defendant Gest and Nurse Jane Doe failed to document his injuries, all in an effort to cover-up the sexual assault. The allegations allege that Defendants were deceitful in the disciplinary hearing and the allegations would necessarily imply the invalidity of Plaintiff's judgment because it would show that the charges against him were false. Thus, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff's due process claims are barred by the principles in *Heck* and *Edwards* as a finding in favor of Plaintiff would necessarily imply the invalidity of Plaintiff's judgment in the disciplinary hearing.

**B.     Deliberate Indifference Claims**

Plaintiff's Complaint also raises deliberate indifference allegations against various Defendants. Plaintiff alleges that Defendants Schuler, Clark, Woods, Bates, Tasky, Held, and Payton were deliberately indifferent to Plaintiff's substantial risk of serious harm as Plaintiff informed them about his safety concerns and they did nothing to prevent the sexual assault from occurring. Plaintiff also alleges that Defendants Gerst and Nurse Jane Doe were deliberately indifferent to his medical needs as they failed to treat him or document the injuries he received as a result of the sexual assault.

Both claims are barred by the principles established in *Heck*. The *Heck* principle is "analogous to collateral estoppel: an issue determined with finality in a full and fair adjudicative proceeding cannot be reopened in a subsequent case." *Moore***, 652 F.3d at 723**. *Heck*, in essence, "prevents a litigant from contradicting a valid judgment." *Gilbert,* **512 F.3d at 901**. The principal also prevents a prisoner from challenging a finding in a disciplinary hearing "that was essential to the decision in that case." *Moore,* **652 F.3d at 723.** If a plaintiff insists on challenging that finding, then his § 1983 must be dismissed. *Id.*

Here, Plaintiff's deliberate indifference claims would challenge a finding by the disciplinary hearing that was essential to the decision in that hearing. Plaintiff was charged with Giving False Information. In order to find Plaintiff guilty of that charge, the Adjustment Committee had to find that Plaintiff fabricated the sexual assault, he gave false information by lying to officers that he had been sexually assaulted. The Adjustment Committee determined that Plaintiff was never sexually assaulted and that he made up all of the allegations of his attack. In this case, Plaintiff alleges that Defendants failed to prevent the sexual assault or treat him for the injuries he suffered as a result of the sexual assault. To find in favor of Plaintiff that Defendants failed to prevent the assault or treat Plaintiff for his injuries he received during the assault, the fact finder would have to find that Plaintiff was sexually assaulted. This would call into validity the finding of the Adjustment Committee that Plaintiff was *not* sexually assaulted. Thus, under the *Heck* doctrine, Plaintiff cannot bring his deliberate indifference claim as a finding in his favor would imply the invalidity of his finding of guilt on his disciplinary ticket. Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff's claims of deliberate indifference against Defendants Schuler, Clark, Woods, Bates, Tasky, Held, Payton, Gest, and Nurse Jane Doe should be **DISMISSED** pursuant to *Heck* and Defendants' Motions to Dismiss (Docs. 59, 68, & 69) **GRANTED**.

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff's due process and deliberate indifference claims are barred by the principles in *Heck* and that the Motions to Dismiss filed by Bates, Held, Payton, Schuler, and Tasky (Docs. 59 & 60), Aparicio and Winsor (Docs. 65 & 66), Gerst (Doc. 68) and Woods (Doc. 69 & 71) be **GRANTED** and Plaintiff's due process claims and deliberate indifference claims against those Defendants **DISMISSED with prejudice.** Further, the due process and deliberate indifference claims against I.A. Clark and Nurse Jane Doe, though not raised by either Defendant in a motion to dismiss, would also be barred by *Heck* and thus the undersigned **RECOMMENDS** that, pursuant to the Court's authority under 28 U.S.C. § 1915A, the Court **FIND** those claims also barred and **DISMISS with prejudice** the due process and deliberate indifference claims against those Defendants as well.

Should the Court adopt these findings, no claims will remain for trial and a judgment can be entered on Plaintiff's claims. Further, should the Court adopt these findings, the pending Motion for Summary Judgment (Docs. 78 & 79) should be **DENIED as moot**.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before February 12, 2013.

**IT IS SO ORDERED**.
DATED: January 24, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge