IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BARNETT, #R-61824, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0722-MJR-SCW |
| | ) |
| TY J. BATES, WILLIAM PEYTON, | ) |
| HAROLD SCHULER, MARSHA WOODS, | ) |
| SHANE TASKY, ALLEN APARICIO, | ) |
| ANGELA WINSOR, GARY GERST, MIKE | ) |
| HELD, IA CLARK, AND NURSE JANE | ) |
| DOE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 84), recommending that the motions to dismiss filed by William Peyton, Ty J. Bates, Mike Held, Harold Schuler, and Shane Tasky (Docs. 59 and 60); Allen Aparicio and Angela Winsor (Docs. 65 and 66); Gary Gerst (Doc. 68); and Marsha Woods (Docs. 69 & 71) be granted. The Report and Recommendation was entered on January 24, 2013, and included a Notice that any objections were due within fourteen days of service. Plaintiff filed a document entitled "Objection to the Report and Recommendation" on February 1, 2013 (Doc. 90), in which

he seeks to amend his complaint to add retaliation claims. (Docs. 90, 91).

Background

In this 42 U.S.C. § 1983 case, Plaintiff claims that various defendants were deliberately indifferent to a serious risk of harm, deliberately indifferent to Plaintiff's serious medical needs, and violated Plaintiff's due process rights by filing a false disciplinary report against him. Specifically, Plaintiff alleges that while he was at Big Muddy Correctional Center, he repeatedly asked to be placed in a safer environment because he was an open homosexual, listed as "vulnerable" in the prison computer, and was threatened with beating and rape by Latin King gang members. (Doc. 17). Plaintiff alleges that he was instead placed in a high-aggressive house and on May 25, 2011, and he was attacked in his cell, punched four times and raped. *Id*. Plaintiff alleges that prior to the incident he had told Defendants Schuler, Clark, Woods, Bates, Tasky, Held and Payton about his safety concerns and asked for help, but they failed to investigate and failed to keep him safe. *Id*.

Plaintiff also alleges that Defendants Schuler and Clark, in an attempt to cover up their failures, wrote Plaintiff a false disciplinary ticket for giving false information regarding the sexual assault, failing to conduct an investigation, and placing him in segregation. *Id*. He further alleges that Defendants Aparicio and Winsor, denied him his due process rights and helped to cover up the attack by refusing to allow Plaintiff to

call witnesses in his defense at his disciplinary hearing.  *Id*.  Plaintiff's Complaint also asserts that Defendant Gerst and an unknown nurse were deliberately indifferent to his serious medical needs when they failed to treat his injuries or provide him with pain medication and that they violated his due process rights by intentionally failing to document Plaintiff's physical injuries resulting from the assault.

Plaintiff was ticketed for impeding or interfering with an investigation and for giving false information to an employee.  (Doc. 1-1).  Plaintiff then went before the Adjustment Committee and was found guilty of both violations.  Specifically, the Adjustment Committee found that "based on statements from confidential sources and lack of credible physical evidence," there was no sexual assault as Plaintiff had alleged. (Doc. 1-1).  The Adjustment Committee took several disciplinary actions, for example, the revocation of 3 months good conduct credit and a transfer as a result of Plaintiff faking the sexual assault.

Report and Recommendation

Defendants Peyton, Bates, Held, Schuler, Tasky, Aparicio, Winsor, Gerst and Woods filed four motions to dismiss, all of which claim that the *Heck* doctrine applies to bar Plaintiff's claims.  Plaintiff filed a response to those motions arguing that *Heck* does not bar his claims because he is not challenging the validity of his disciplinary hearing findings, but instead challenging the due process violations.  (Doc. 77).  In the pending Report and Recommendation, Judge Williams finds that Plaintiff's Due Process claims

and deliberate indifference claims are barred by *Heck*.

Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b);** *Harper v. City of Chicago Heights* **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject, or modify the magistrate judge's recommended decision." *Harper***, 824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.*, *quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added)**. However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn***, 474 U.S. 140 (1985)**.

The Court has considered Plaintiff's objection and finds that it is not a specific objection to the findings of the Report and Recommendation, but instead Plaintiff seeks to amend his complaint to add claims that may or may not be barred by *Heck*. Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, **512 U.S. 477, 487 (1994)**. This holding has been extended to judgments in prison disciplinary proceedings. *See Edwards v. Balisok*, **520 U.S. 641 (1997)**. Thus, when a prisoner seeks damages based on allegations that imply the invalidity of a punishment effecting a prisoner's fact or duration of confinement, such as the loss of good time credits, the prisoner cannot proceed with a § 1983 claim until his disciplinary decision has been invalidated. *See Simpson v. Nickel*, **450 F.3d 303, 306-307 (7th Cir. 2006) (*Heck* and *Edwards* held "that a prisoner whose grievance implies the invalidity of ongoing custody must seek review by collateral attack")**.

The Magistrate Judge has recommended that Plaintiff's due process and deliberate indifference claims are barred by *Heck* as they would necessarily imply the invalidity of the judgment against him in the disciplinary hearing. (Doc. 84, pp. 5, 8). While a *de novo* review is not required here, the Court has considered the record and Magistrate Judge William's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams. The Court concludes that Plaintiff's due process and deliberate indifference claims shall be dismissed because they are barred by the *Heck* doctrine. This includes the due process and deliberate indifference claims asserted against Defendants Clark and Nurse Jane Doe, though not raised by either Defendant in a motion to dismiss, the Court agrees that these claims are

also barred by the *Heck* doctrine.

With regard to Plaintiff's recent attempt to amend his complaint to add retaliation claims, the Court finds that these claims are also barred by the *Heck* doctrine. The Court has broad discretion to deny Plaintiff's motion for leave to amend his complaint if it finds there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or if an amendment would be futile. Rule 15 provides that a party may amend its pleading as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading. **FED.R.CIV.P. 15(a)(1)(A)-(B)**. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." **FED.R.CIV.P. 15(a)(2)**. A district court may deny a motion to amend if the amendment would not cure the original deficiencies, or could not survive a motion to dismiss. *Foster v. DeLuca*, **545 F.3d 582, 584 (7th Cir. 2008);** *Crestview Vill. Apartments v. U.S. Dep't of Hous. and Urban Dev.*, **383 F.3d 552, 558 (7th Cir. 2004)**.

Plaintiff has added a new claim of retaliation in order to attempt to evade the *Heck* bar. Specifically, Plaintiff claims generally in the Amended Complaint that all defendants collectively: 1) refused to prevent a previously reported plan of retaliatory battery and rape for reporting the subsequent act of battery and rape; 2) placed plaintiff in a high-risk area with a high percentage of gang members who were specifically

identified by Plaintiff prior to the rape as the threatening gang; 3) after the report of rape was made, refused to separate Plaintiff from such gang members; and 4) transferred Plaintiff to Menard, increasing the risk of serious physical harm to be inflicted on Plaintiff. (Doc. 90). Plaintiff alleges that these adverse acts were taken because he is a homosexual. (Doc. 90).

The federal courts recognize a cause of action for "retaliation" when prison officials take adverse actions against prisoners for exercising First Amendment Rights. *See, e.g. Higgs v. Carver*, **286 F.3d 437, 439 (7th Cir. 2002);** *Johnson v. Stovall*, **233 F.3d 486, 489 (7th Cir. 2000)**. To prevail on a retaliation claim, a prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor in a defendant's actions. *Bridges v. Gilbert*, **557 F.3d 541, 546 (7th Cir. 2009)**. Retaliation is usually difficult to prove directly; in most cases it must be inferred from the circumstances surrounding the prisoner's exercise of his constitutional rights and his subsequent punishment. *See Carr v. Whittenburg,* **462 F.Supp.2d 925, 929 (S.D. Ill. 2006) (citing** *Murphy v. Lane,* **833 F.2d 106, 108 (7th Cir. 1987))**. To raise a retaliation claim, an inmate need only identify the act of retaliation and the grievance that sparked the retaliatory act. *Higgs***, 286 F.3d at 439**.

The Court finds Plaintiff's retaliation claims to be inextricably intertwined with the disciplinary conviction. Here, the crux of Plaintiff's new claim is that Defendants retaliated against Plaintiff for being a homosexual by failing to prevent a previously

reported plan of battery and sexual assault. Plaintiff alleges that Defendants, in carrying out this retaliatory act, placed Plaintiff in a high-risk area with gang members and refused to separate him from gang members. Plaintiff's assertion that the prison officials took an adverse action, i.e. failing to prevent a "reported plan of retaliatory battery and rape," implies that a sexual assault actually took place. Thus, a finding that Defendants retaliated against Plaintiff by failing to prevent a sexual assault would undermine the still-valid disciplinary conviction finding that the sexual assault never happened in the first place. Because Plaintiff's theory of retaliation is premised upon an alleged sexual assault taking place, thus *implying* the invalidity of his disciplinary conviction, this claim is barred by *Heck*.

Plaintiff further asserts in his Amended Complaint that Defendants transferred him to Pinckneyville and then to Menard C.C. knowing Menard C.C. to have the highest IDOC rate of assault, prison lockdowns, and complaint of deprivation of legal services, and that these acts were taken because Plaintiff is a homosexual. It is true that a retaliatory prison transfer is actionable under § 1983. **See Harr v. Litscher, 01-C-0159-C, 2001 WL 34377573 (W.D. Wis. Oct. 19, 2001)**. This disciplinary transfer, however, was made pursuant to the hearing that was conducted on May 30, 2011. Like Plaintiff's other retaliation claims, a finding that this transfer was retaliatory would render the disciplinary conviction suspect, and thus this claim is also barred by *Heck*.[1]

---

[1] Further, irrespective of the *Heck* bar, the Court notes that Plaintiff had almost two years to refine his theories of relief, and allowing such an amendment at this juncture would be prejudicial to Defendants. *See Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1304

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 84) and **GRANTS** Defendants' Motions to Dismiss (Docs. 59, 65, 68, 69). Further the Court **DENIES** Plaintiff's Motion to Amend/Correct Complaint (Doc. 91) as referenced in his Objection to the Report and Recommendation. Plaintiff's due process and deliberate indifference claims against Defendants Bates, Held, Payton, Schuler, Tasky, Aparicio, Winsor, Gerst and Woods are **DISMISSED with prejudice**. The due process and deliberate indifference claims against I.A. Clark and Nurse Jane Doe, though not raised by either Defendant in a motion to dismiss, are also **DISMISSED with prejudice** pursuant to the Court's authority under 28 U.S.C. § 1915A. Plaintiff's newly alleged retaliation claims against all eleven Defendants are also **DISMISSED with prejudice**. The case is **DISMISSED** and all pending motions are **DENIED as moot**. The Clerk of the Court is directed to close this case on the Court's docket.

Plaintiff should consider these claims dismissed as frivolous within the meaning of 28 U.S.C. § 1915A(b)(1). Therefore, plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Okoro v. Bohman,* **164 F.3d 1059, 1063 (7th Cir.1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for**

---

(7th Cir. 1993) ("There must be a point at which plaintiff makes a commitment to the theory of [his] case."). Plaintiff asserts that fear deterred him from bringing this retaliation claim earlier. The Court finds this justification to be speculative in light of the fact that Plaintiff already had numerous claims pending against these same Defendants. All of the events related to Plaintiff's new claims of retaliation occurred before Plaintiff filed his original complaint, but he did not seek to amend until after the defendants all moved to dismiss the case and the filing of a motion for summary judgment.

**whatever reason, clearly can't be maintained.").**

IT IS SO ORDERED.

DATED:   May 31, 2013

s/ Michael J. Reagan_____  
MICHAEL J. REAGAN  
United States District Judge
